UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GILBERT AGUILAR,<br><br>                Petitioner,<br>   v.<br><br>RENEE BAKER, et al.,<br><br>                Respondents. | Case No. 3:12-cv-00397-MMD-WGC<br><br>ORDER |

Before the Court are the amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 30), respondents' motion to dismiss (dkt. no. 54), and petitioner's opposition (dkt. no. 55). The Court finds that petitioner has not exhausted his available state-court remedies for two grounds in the amended petition, and the Court grants the motion to dismiss in part.

Petitioner and his brother, Dayomashell David Aguilar ("David"), were tried jointly in state district court. Petitioner was found guilty of conspiracy to commit murder, murder with the use of a deadly weapon, possession of a firearm by an ex-felon, two counts of discharging a firearm at or into a structure, and discharging a firearm at or into a vehicle. The prosecution sought the death penalty for petitioner. The jury set the penalty at life imprisonment without possibility of parole. After the penalty hearing, the prosecution sought adjudication of petitioner as a habitual criminal. The state district court agreed. Ultimately, petitioner was sentenced to prison for life without possibility of parole for the murder, an equal and consecutive term for the use of a deadly weapon,

1   and five prison sentences, enhanced for habitual criminality, with maximum terms of
2   twenty (20) years and minimum terms of eight (8) years. All the sentences run
3   consecutively. Exh. 2 (dkt. no. 30-2). David was convicted of the same charges, except
4   for being an ex-felon in possession of a firearm, but his sentences were different.
5   Petitioner and David pursued their own appeals. The Nevada Supreme Court
6   consolidated the appeals and affirmed. Exh. 5 (dkt. no. 30-5).

7   Petitioner then filed a post-conviction habeas corpus petition in the state district
8   court. Exh. 7 (dkt. no. 30-7). That court denied the petition. Exh. 14 (dkt. no. 32).
9   Petitioner appealed, and the Nevada Supreme Court affirmed. Exh. 21 (dkt. no. 32-7).

10  Petitioner then commenced this action. The Court appointed counsel, who filed
11  the amended petition (dkt. no. 30). The amended petition contains six grounds,
12  designated I through VI. Ground VI contains eight (8) distinct claims of ineffective
13  assistance of counsel, designated A through H.

14  The Court turns first to respondents' argument that the Court should dismiss all
15  grounds except ground II because in them petitioner claims that the Nevada Supreme
16  Court committed error in either the direct appeal or the state habeas corpus appeal.
17  Respondents are correct, but these are defects that petitioner can cure by filing a
18  second amended petition.[1] Likewise, any problems that the grounds are unexhausted
19  because of the incorrect phrasing are defects that an amended petition can cure. For
20  the purposes of this order, the Court will construe the grounds as correctly pleaded
21  claims.

22  Respondents first argue that the Court should dismiss ground I because it fails to
23  state a claim. Ground I is a claim that the trial court should not have admitted evidence
24  of prior bad acts. Respondents argue that because the Supreme Court of the United
25  States has not clearly established whether admission of prior-bad-act evidence has
26  constitutional implications, petitioner cannot gain relief. Respondents' argument is true

---

[1] Petitioner first will need to decide what to do with the unexhausted grounds, discussed below, before the court can direct the filing of a second amended petition.

only if this Court applies the deferential standard of 28 U.S.C. § 2254(d). If that deferential standard is inapplicable, then petitioner might be able to gain relief if he can demonstrate not that there was a violation of state law, but whether the admission of the prior-bad-act evidence was an error that was so arbitrary and fundamentally unfair that it violated the Due Process Clause of the Fourteenth Amendment. *See Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991). That is a question best left to the briefing on the merits of the ground.

Respondents argue that the Court should dismiss grounds V and VI(H) because they are effectively claims of violation of state law. In ground V, petitioner claims that the Fifth, Sixth, and Fourteenth Amendments were violated when the prosecution filed a notice of intent to seek adjudication of petitioner as a habitual criminal after the jury gave its verdict and set the penalty for murder. Respondents argue that because the Nevada Supreme Court determined that the prosecution complied with the statute, petitioner cannot gain relief. In ground VI(H), petitioner claims that trial counsel provided ineffective assistance because he did not object to the testimony of petitioner's girlfriend on the basis of the marital privilege. Respondents argue that the ground has no foundation because state law does not extend the marital privilege to girlfriends. "While adherence to state evidentiary rules suggests that the trial was conducted in a procedurally fair manner, it is certainly possible to have a fair trial even when state standards are violated; conversely, state procedural and evidentiary rules may countenance processes that do not comport with fundamental fairness." *Jammal*, 926 F.2d at 919. If the deferential standard of § 2254(d)(1) does not apply, fundamental fairness, not compliance with state law, is the question that the court must answer. Again, that is a question best left to the briefing on the merits of the grounds.

Respondents next argue that grounds I, III, IV, and V are unexhausted because petitioner did not present the claims to the Nevada Supreme Court as issues of federal law, and did not present part of ground III at all to the Nevada Supreme Court. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must

exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Ground I is a claim that the admission of prior-bad-act evidence violated the Constitution. Petitioner did not raise this claim in his direct-appeal brief, but David raised a claim that the admission of prior-bad-act evidence violated state law. *Dayomashell David Aguilar v. Baker*, Case No. 3:12-cv-00315, Exh. 65, at 19-21 (dkt. no. 15-4). The Nevada Supreme Court treated the issue as a matter of state law in its consolidated decision. Exh. 5, at 3 (dkt. no. 30-5). Even if David's presentation of the claim is sufficient for petitioner to have exhausted the claim, ground I is not exhausted because the claim was presented only as an issue of state law in the state courts.

Ground III concerns the jury instruction given on the elements of first-degree murder. There are two distinct claims. First, on direct appeal, petitioner and David each argued that the instruction the court gave did not distinguish the element of malice

4

aforethought from the elements of premeditation and deliberation. Petitioner raised the issue as a matter of state law. Exh. 3, at 7-9 (dkt. no. 30-3). David also raised the issue as a matter of state law. *Dayomashell David Aguilar v. Baker*, Case No. 3:12-cv-00315, Exh. 65, at 22-25 (15-4). The Nevada Supreme Court treated the issue as a matter of state law. Exh. 5, at 5-7 (30-5). Because the claim was presented only as an issue of state law in the state courts, this part of ground III is not exhausted.

Second, petitioner argues in the amended petition (dkt. no. 30) that the jury instruction did not distinguish the three elements of willfulness, deliberation, and premeditation, and that the Nevada Supreme Court did not apply to petitioner's case the jury instruction that it was developing at the same time that petitioner's direct appeal was pending. *See Byford v. State*, 994 P.2d 700, 713-14 (Nev. 2000). Petitioner has not presented to the state courts the argument that the *Byford* instruction should have been applied to this case. This part of ground III also is not exhausted.

Ground IV is a claim that the trial court violated the Fifth, Sixth, and Fourteenth Amendments because it refused to admit evidence of petitioner's parole eligibility during the penalty phase of the trial. In his opening brief, petitioner cited and based his argument on *Simmons v. South Carolina*, 512 U.S. 154 (1994), which held that the Due Process Clause of the Fourteenth Amendment required the jury be informed of the possibility that a person eligible for the death penalty can also be sentenced to life without the possibility of parole, if that is one of the options. Exh. 3, at 9-11 (dkt. no. 30-3). Petitioner presented the federal nature of this claim to the state courts, and ground IV is exhausted.

Ground V is a claim that the trial court violated the Fifth, Sixth, and Fourteenth Amendments because it determined that the notice of habitual criminality was filed properly and did not violate petitioner's due-process rights. In his opening brief, petitioner cited *Gardner v. Florida*, 430 U.S. 349 (1977), for the proposition that the Due Process Clause of the Fourteenth Amendment requires that he have the opportunity to deny or explain the evidence against him before being sentenced. Exh. 3, at 12 (dkt. no.

30-3). Petitioner presented the federal nature of this claim to the state courts, and ground IV is exhausted.

The amended petition (dkt. no. 30) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983).

It is therefore ordered that respondents' motion to dismiss (dkt. no. 54) is granted in part. Grounds I and III are unexhausted.

It is further ordered that petitioner shall have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of grounds I and III, or for other appropriate relief. Within ten (10) days of filing such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

DATED THIS 19th day of September 2014.

MIRANDA M DU
UNITED STATES DISTRICT JUDGE