UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GILBERT DEMETRIUS AGUILAR,<br><br>　　　　　　　　　　　　Petitioner,<br>　　v.<br>RENEE BAKER, *et al.*,<br>　　　　　　　　　　　　Respondents. | Case No. 3:12-cv-00397-MMD-WGC<br><br>ORDER |

This case is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Gilbert Demetrius Aguilar, a Nevada prisoner.

On September 19, 2014, the Court ruled on a motion to dismiss filed by respondents. The Court found two claims in Aguilar's first amended habeas petition, Grounds I and III, to be unexhausted in state court. *See* Order entered September 19, 2014 (dkt. no. 56), at 3-6. With respect to those claims, the Court granted petitioner time to file a motion for dismissal without prejudice of his entire petition, a motion for partial dismissal (abandoning Grounds I and III), or a motion for other appropriate relief. *See id.* at 6. The Court also found that all Aguilar's claims, except Ground II, were defective, but that those defects could be cured by amendment. *See id.* at 2.

Aguilar then filed two motions: a motion for stay and abeyance (dkt. no. 57), and a motion for leave to file a second amended petition for writ of habeas corpus (dkt. no. 58). Respondents did not respond to either motion.

In the motion for leave to amend, Aguilar requests leave of Court to file a second amended habeas petition, to attempt to cure the defects identified by the Court (Order

entered September 19, 2014, at 2) with respect to Grounds I, III, IV, V, and VI. (Dkt. no. 58.) Respondents did not respond to the motion for leave to amend.

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (recognizing general applicability of rules of civil procedure in habeas cases). Aguilar's motion is governed by Federal Rule of Civil Procedure 15(a)(2), which permits an amended pleading "only with the opposing party's written consent or the court's leave." In considering whether to grant leave to amend under Rule 15(a)(2), the court "should freely give leave when justice so requires." *See, e.g., Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir.1993) (denial of leave to amend reviewed "for abuse of discretion and in light of the strong public policy permitting amendment."). Factors to be considered include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995).

Here, there is no indication of bad faith, undue delay, or prejudice to the opposing party. Respondents have not responded to the motion for leave to amend. It appears that the amendment would not be futile, as Aguilar seeks to cure defects in his claims identified by the Court in the ruling on the motion to dismiss. Under these circumstances, leave to amend serves the interests of justice. The motion for leave to amend will be granted.

Aguilar includes, in the body of his motion for leave to amend, text that he proposes to include in a second amended petition. The Court will set a schedule for Aguilar to file a second amended petition. Aguilar need not re-file exhibits; the second amended petition may reference exhibits filed with the first amended petition.

In the motion for stay and abeyance, Aguilar asks that this action be stayed and held in abeyance pending his return to state court to exhaust his unexhausted claims. Aguilar correctly points out that if this action were simply dismissed, nominally without

prejudice, pending his return to state court, he would likely forfeit his opportunity to litigate his claims in federal court on account of the operation of the statute of limitations under 28 U.S.C. § 2244(d). *See* Motion for Stay and Abeyance (dkt. no. 57, at 2-3); *see also Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (pendency of federal habeas action does not toll the statute of limitations relative to a subsequent federal habeas action).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> * * *
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78; *see also Blake v. Baker*, 745 F.3d 977, 980-81 (9th Cir.2014).

*Rhines* does not suggest that every unexhausted claim in a petition must satisfy, individually, the "good cause" and "potentially meritorious" requirements before a stay is permitted. If a stay is warranted with respect to a single claim, the court need not conduct a claim-by-claim analysis under *Rhines* regarding the remaining unexhausted claims.

///

The Court determines that a stay is warranted with respect to the portion of Ground III in which Aguilar claims that his federal constitutional rights were violated as a result of faulty jury instructions regarding the elements of first degree murder. (*See* First Amended Petition at 13-19.) Aguilar argues that there was good cause for his failure to exhaust this claim because his claim depends upon *Babb v. Lozowsky*, 719 F.3d 1019 (9th Cir.2013), *cert. denied sub nom. Babb v. Gentry*, 134 S.Ct. 526 (2013), *overruled on other grounds by Moore v. Helling*, 763 F.3d 1011 (9th Cir.2014), which was not decided until after he completed his post-conviction proceedings in state court. (*See* dkt. no. 57 at 4-5.) Aguilar argues this portion of Ground III is potentially meritorious; in this regard, he points out that his conviction was not yet final, but was actually pending in the Nevada Supreme Court, when the Nevada Supreme Court decided *Byford v. State*, 994 P.2d 700 (Nev.2000). *See* dkt. no. 57 at 4-5; *see also Nika v. State,* 124 Nev. 1272, 1287, 198 P.3d 839, 850 (2008); *Babb*, 719 F.3d at 1027-28 ("*Byford*, which narrowed the scope of conduct that could qualify as first degree murder by expanding and separating definitions of premeditation, deliberation and willfulness, should be applied to Babb's conviction, which was not final at the time *Byford* was decided."). Respondents did not respond to Aguilar's arguments in these regards. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."). Finally, there is no indication that Aguilar has engaged in intentionally dilatory litigation tactics. The Court finds that Aguilar has made the showing required under *Rhines* to justify a stay of this action. *See Rhines*, 544 U.S. at 277-78.

The Court will, therefore, grant the motion for stay and abeyance, and will stay this action to allow Aguilar to exhaust claims in state court. The Court's intention is that this will be the last time that the Court imposes a stay to facilitate Aguilar's exhaustion of claims in state court. Aguilar must exhaust all his unexhausted claims in state court during the stay imposed pursuant to this order.

///

It is therefore ordered that petitioner's Motion for Leave to File Second Amended Petition (dkt. no. 58) is granted. Petitioner shall file his second amended petition for writ of habeas corpus within twenty (20) days of the entry of this order.

It is further ordered that petitioner's Motion for Stay and Abeyance (dkt. no. 57) is granted. This action shall be stayed, while petitioner exhausts, in state court, all his unexhausted claims for habeas corpus relief. The Clerk of the Court shall administratively close this case.

It is further ordered that, within forty-five (45) days from the entry of this order, petitioner shall initiate proceedings in state court to exhaust his unexhausted claims.

It is further ordered that, following the conclusion of petitioner's state court proceedings, petitioner shall, within thirty (30) days, make a motion to lift the stay of this action.

It is further ordered that this action shall be subject to dismissal, upon a motion by respondents, if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

DATED THIS 19th day of May 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE