1
2
3
4
5
6                        UNITED STATES DISTRICT COURT
7                             DISTRICT OF NEVADA
8                                   * * *
9    GILBERT DEMETRIUS AGUILAR,              Case No. 3:12-cv-00397-MMD-WGC
10                            Petitioner,                ORDER
11        v.
12   RENEE BAKER, *et al.*,
13                            Respondents.
14

15   **I.    INTRODUCTION**

16        This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254,

17   by Gilbert Demetrius Aguilar, a Nevada prisoner. The respondents have filed a motion to

18   dismiss, arguing that two of the claims in Aguilar's second amended petition are barred

19   by the procedural default doctrine. The Court will grant respondents' motion to dismiss in

20   part, and deny it in part, and will dismiss one procedurally defaulted claim. The Court will

21   set a deadline for respondents to answer Aguilar's remaining claims.

22   **II.   BACKGROUND**

23        In its opinion on Aguilar's direct appeal, the Nevada Supreme Court described the

24   factual background of this case as follows:

25            On the evening of August 7, 1996, a store clerk ejected David and
         Gilbert Aguilar from a Las Vegas 7-Eleven outlet for drinking alcohol on the
26       premises. Immediately thereafter, without apparent reason or provocation,
         Gilbert attacked a man seated in his automobile in the store's parking lot. In
27       his attempt to flee, the man struck Gilbert with his automobile. Gilbert was
         uninjured.
28

1

2

3

4

        After retrieving rifles from their apartment, the pair returned to the 7-Eleven parking lot in search of the man. Thinking that they recognized the driver of a passing automobile, they both commenced firing, striking several cars and houses in the process. Upon hearing the shooting, Mark Emerson, a nearby resident, stepped outside onto his patio and telephoned the police. Unfortunately, he was struck by the rifle fire and expired en route to a local hospital.

5

6

7

        Police arrested David Aguilar that evening at the scene. Gilbert Aguilar was not apprehended until nine days later. Both brothers were charged and convicted as described. They were tried together in a single proceeding.

8   (Order Dismissing Appeals, Exh. 5 (ECF No. 30-5).) (Unless otherwise indicated, the

9   exhibits cited in this order were filed by Aguilar and are located in the record at ECF Nos.

10   30 through 53.).

11           Aguilar was found guilty of conspiracy to commit murder, murder with the use of a

12   deadly weapon, possession of a firearm by an ex-felon, two counts of discharging a

13   firearm at or into a structure, and discharging a firearm at or into a vehicle. The State

14   sought the death penalty on the murder conviction. The jury, however, set Aguilar's

15   penalty, for the murder, at life imprisonment without the possibility of parole. The State

16   sought adjudication of Aguilar as a habitual criminal. The state district court ultimately

17   sentenced Aguilar to the following prison sentences, all to run consecutively: for the

18   conspiracy to commit murder, eight to twenty years; for the murder, two consecutive terms

19   of life without the possibility of parole; for possession of a firearm by an ex-felon, eight to

20   twenty years; for each of the two counts of discharging a firearm at or into a structure,

21   eight to twenty years; and for discharging a firearm at or into a vehicle, eight to twenty

22   years. (*See* Judgment of Conviction, entered January 6, 1998, Exh. 2 (ECF No. 30-2).)

23   David was convicted of the same charges, except for being an ex-felon in possession of

24   a firearm, but was sentenced differently.

25           Aguilar and his brother both appealed; the Nevada Supreme Court consolidated

26   their appeals, and on December 20, 1999, ruling on the merits of their claims, dismissed

27   the appeal. (*See* Order Dismissing Appeals, Exh. 5 (ECF No. 30-5).)

28   ///

Aguilar filed his first habeas corpus petition in the state district court on September 8, 2000. (*See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 7 (ECF No. 30-7).) The state district court held an evidentiary hearing, and then denied the petition in a written order filed on February 8, 2008. (*See* Findings of Fact, Conclusions of Law and Order, Exh. 14 (ECF No. 32).) Aguilar appealed, and the Nevada Supreme Court reversed and remanded on September 5, 2008, directing the district court to appoint counsel. (*See* Order of Reversal and Remand, Exh. 16 (ECF No. 32-2).) On remand, the state district court appointed counsel for Aguilar, held a further evidentiary hearing, and again denied Aguilar's petition in a written order filed on March 1, 2011. (*See* Findings of Fact, Conclusions of Law and Order, Exh. 18 (ECF No. 32-4).) Aguilar appealed, and the Nevada Supreme Court affirmed on March 9, 2012. (*See* Order of Affirmance, Exh. 21 (ECF No. 32-7).)

Aguilar initiated this federal habeas corpus action on July 27, 2012. (*See* Petition for Writ of Habeas Corpus (ECF No. 8).) Counsel was appointed (ECF Nos. 18, 20), and, with counsel, Aguilar filed a first amended habeas petition on December 11, 2013. (ECF No. 30.) Respondents filed a motion to dismiss Aguilar's first amended petition. (ECF No. 54.) On September 19, 2014, the Court granted that motion in part and denied it in part; the Court found two claims in the first amended petition to be unexhausted in state court, and granted Aguilar an opportunity to make an election regarding those claims. (ECF No. 56.) Aguilar filed a motion for a stay of this action to allow him to exhaust his unexhausted claims (ECF No. 57), as well as a motion for leave to file a second amended petition. (ECF No. 58.) On May 19, 2015, the Court granted both motions. (ECF No. 60.) This case was then stayed, and Aguilar filed his second amended petition — now the operative petition in this case — on June 12, 2015. (ECF No. 62.)

Aguilar's second amended petition sets forth six grounds for relief, the sixth with several sub-claims, as follows:

> 1.     Aguilar's federal constitutional rights were violated because the trial court admitted "highly prejudicial evidence of other wrongs."

2.     Aguilar's federal constitutional rights were violated because the trial court admitted "totally irrelevant evidence of a bayonet and machete being found in defendant's apartment."

3.     Aguilar's federal constitutional rights were violated as a result of the instructions given to the jury regarding the elements of first degree murder.

4.     Aguilar's federal constitutional rights were violated because the trial court refused admission of evidence offered by Aguilar regarding parole eligibility.

5.     Aguilar's federal constitutional rights were violated because the trial court allowed the State to file a notice of habitual criminality after the jury's verdicts in both phases of the trial.

6.     Aguilar's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel.

6A.     Trial counsel "was ineffective for failing to investigate and present evidence that the weapon used to kill the victim belonged to a police officer and that the police officer may have fired the fatal shot."

6B.     Trial counsel was ineffective for preventing the admission of evidence that Aguilar had a prior felony conviction.

6C.     "Trial counsel was ineffective for failing to investigate and present evidence that the weapon used to kill Mark Emerson belonged to [a police officer] and that the officer may have [fired] the fatal shot."

6D.     "Trial counsel was ineffective for failing to effectively prevent the admission of the tainted, unreliable and suggestive extra-judicial and in-court photographic lineup identification…."

6E.     "Trial counsel was ineffective for failing to file a motion to suppress the search of Gloria Olivares' apartment."

6F.     "Trial counsel was ineffective for failing to prevent the video from the 7-11 from being admitted at trial and for failing to investigate another theory of defense."

6G.     "Trial counsel was ineffective for failing to move to suppress the evidence of the palm print of David Aguilar found on the Maadi semi-automatic rifle found in Gloria Olivares' apartment."

6H.     "Trial counsel was ineffective for failing to prevent Annette Aguilar from testifying."

Second Amended Petition for Writ of Habeas Corpus (ECF No. 62) at 9-44.

///

4

On July 2, 2015, Aguilar commenced a second state habeas action. (*See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 1 to Motion to Lift Stay (ECF No. 64-1).) In an order filed September 14, 2015, the state district court denied Aguilar's petition, finding that it was untimely and successive. (*See* Findings of Fact, Conclusions of Law and Order, Exh. 2 to Motion to Lift Stay (ECF No. 64-2).) Aguilar appealed, and the Nevada Supreme Court affirmed on April 14, 2016. (*See* Order of Affirmance, Exh. 5 to Motion to Lift Stay (ECF No. 64-5).) The stay of this action was lifted, on a motion by Aguilar, on June 6, 2016. (*See* Order entered June 6, 2016 (ECF No. 65).)

Respondents filed their motion to dismiss on September 20, 2016. (ECF No. 68.) In that motion, respondents assert that Grounds 1 and 3 of Aguilar's second amended habeas petition are barred by the doctrine of procedural default, and should be dismissed. Aguilar filed an opposition to the motion on October 7, 2016. (ECF No. 69.) Respondents did not reply.

## III.   DISCUSSION

The Supreme Court has held that a state prisoner who fails to comply with state procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state

1   procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment

2   must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499

3   U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden

4   of showing not merely that the errors [complained of] constituted a possibility of prejudice,

5   but that they worked to his actual and substantial disadvantage, infecting his entire

6   [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603

7   (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

8       Alternatively, a procedural default may be excused if the petitioner can

9   demonstrate "that failure to consider the claims will result in a fundamental miscarriage

10  of justice." *Coleman*, 501 U.S. at 750. A "fundamental miscarriage of justice" occurs when

11  "a constitutional violation has probably resulted in the conviction of one who is actually

12  innocent." *Murray*, 477 U.S. at 495-96.

13      With respect to Ground 1 — Aguilar's claim that his federal constitutional rights

14  were violated because the trial court admitted prejudicial evidence of other wrongs —

15  respondents point out that the Court previously held that Aguilar did not present that claim

16  in either his direct appeal or his first state habeas action, and that it was therefore

17  unexhausted before Aguilar's return to state court to litigate his second state habeas

18  action. (*See* Order entered September 19, 2014 (ECF No. 56) at 4.) Further, respondents

19  point out that the Nevada Supreme Court held that Aguilar's second state habeas action

20  was untimely and successive and, thus, procedurally barred, and that Aguilar did not

21  show cause and prejudice under state law to overcome the procedural bar. (*See* Order

22  of Affirmance, Exh. 5 to Motion to Lift Stay (ECF No. 64-5).) Therefore, Ground 1 is barred

23  in this action by the federal procedural default doctrine, absent a showing of cause and

24  prejudice or a fundamental miscarriage of justice. Aguilar makes no allegation or showing

25  of cause and prejudice to overcome the procedural default. (*See* Opposition to Motion to

26  Dismiss at 2.) Aguilar does argue, briefly, that failure to consider Ground 1 on its merits

27  will result in a fundamental miscarriage of justice. (*See id.*) His argument, in this regard,

28  is as follows:

> [T]he prior bad act evidence was incorrect and therefore, fundamentally unfair. The men with whom petitioner had an altercation were not African American but Hispanic and responsible for this murder.

*Id.* This conclusory argument falls far short of the showing of a fundamental miscarriage of justice necessary to overcome the procedural default. Ground 1 is barred by the procedural default doctrine, and will be dismissed.

In Ground 3, Aguilar asserts that his federal constitutional rights were violated as a result of instructions given to the jury regarding the elements of first degree murder. Here again, this Court previously held that Aguilar did not present this claim to the Nevada Supreme Court on his direct appeal or in his first state habeas action (*see* Order entered September 19, 2014 (ECF No. 56) at 4-5), and the Nevada Supreme Court held that Aguilar's second state habeas action was untimely and successive and, thus, procedurally barred, and that Aguilar did not show cause and prejudice to overcome the procedural bar. (*See* Order of Affirmance, Exh. 5 to Motion to Lift Stay (ECF No. 64-5).) Therefore, Ground 3 is barred by the federal procedural default doctrine absent a showing of cause and prejudice or a fundamental miscarriage of justice.

The Court understands Aguilar to make a cause and prejudice argument regarding the procedural default of Ground 3: that because the Ninth Circuit Court of Appeals had not yet decided *Babb v. Lozowsky*, 704 F.3d 1246 (9th Cir. 2013), when his first state habeas action was concluded, he could not have raised the claim in that action, and, therefore, there was cause for his procedural default. (*See* Opposition to Motion to Dismiss at 2-3; *see also* Motion for Stay and Abeyance (ECF No. 57) at 4 ("The law that supports this ground, [*Babb*], hadn't yet been published until after Petitioner concluded his post-conviction case, and this ground could not have been raised in that state appeal.").) The Court finds this to be a colorable assertion of cause to overcome the procedural default of Ground 3. However, the Court finds that the parties have not sufficiently briefed the issue with respect to the motion to dismiss, and that, at any rate, it appears that the cause and prejudice analysis is intertwined with the merits of Ground 3 such that the issue of cause and prejudice relative to the procedural default of that claim

will be better addressed in conjunction with the merits of the claim. The Court will deny respondents' motion to dismiss with respect to Ground 3, without prejudice to respondents' asserting, in their answer, their argument that this claim is barred by the procedural default doctrine.

It is therefore ordered that respondents' motion to dismiss (ECF No. 68) is granted in part and denied in part. Ground 1 of petitioner's second amended petition for writ of habeas corpus is dismissed. In all other respects, the motion to dismiss is denied, without prejudice to respondents' asserting, in their answer, their argument that Ground 3 is barred by the procedural default doctrine.

It is further ordered that respondents must, within ninety (90) days from the date of this order, file an answer, responding to the claims remaining in petitioner's second amended petition for writ of habeas corpus.

It is further ordered that, in all other respects, the schedule for further proceedings set forth in the order entered on June 6, 2016 (ECF No. 65), will remain in effect.

DATED THIS 29th day of November 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE