UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GILBERT DEMETRIUS AGUILAR,<br><br>Petitioner,<br>v.<br><br>TIMOTHY FILSON, *et al.*,<br><br>Respondents. | Case No. 3:12-cv-00397-MMD-WGC<br><br>ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT<br>(ECF NO. 89) |

In this habeas corpus action, Petitioner Gilbert Demetrius Aguilar was previously represented by court-appointed attorney Mary Lou Wilson. On July 10, 2018, the Court denied Aguilar's habeas petition and denied him a certificate of appealability, and judgment was entered. (*See* ECF No. 79 (Order entered July 10, 2018); (ECF No. 80 (Judgment).) On October 12, 2018, Aguilar, acting *pro se*, filed a notice of appeal (ECF No. 81). On December 21, 2018, the Ninth Circuit Court of Appeals denied Aguilar's request for a certificate of appealability because his notice of appeal was untimely. (*See* (ECF No. 84 (Order entered December 21, 2018).) The court of appeals stated:

> The court admonishes Wilson for her failure to notice a timely appeal. Wilson's performance falls below the level expected of counsel appointed to represent defendants and petitioners under the Criminal Justice Act. We refer this matter to the CJA panel administrator for the District of Nevada for appropriate action, including whether attorney Wilson should remain on the CJA panel and whether replacement counsel should be appointed to assist Aguilar with any post-judgment motions.

(*Id.* at 2.)

On February 8, 2019, Wilson filed a motion requesting leave of court to withdraw from her representation of Aguilar "based upon the fact that counsel has resigned from the CJA panel." (*See* ECF No. 86 (Motion for Withdrawal of Counsel) at 1.) The Court

///

granted that motion on February 13, 2019, and ordered Wilson discharged from her representation of Aguilar. (ECF No. 87.)

On February 15, 2019, Aguilar, acting *pro se*, filed a Motion for Relief from Judgment (ECF No. 89). On February 25, 2019, the Court appointed new counsel for Aguilar, and set a schedule for Aguilar, with counsel, to file any amended motion for relief from judgment or any other appropriate motion, or a notice that Aguilar will not make any new filing and will proceed with the motion for relief from judgment filed on February 15, 2019. (*See* ECF No. 90 (Order entered February 25, 2019).) Aguilar's new counsel, Thomas Qualls, filed a notice of appearance for Aguilar on March 12, 2019 (ECF No. 93). On April 25, 2019, Aguilar, through counsel, filed a notice (ECF No. 95) that he did not intend to file an amended motion for relief from judgment, or any other motion, and would proceed with the February 15, 2019, motion for relief from judgment. Respondents filed an opposition to the motion for relief from judgment on June 27, 2019 (ECF No. 102). Aguilar did not file a reply.

On April 22, 2019, this Court received notice (ECF No. 94) that Aguilar filed a petition for writ of certiorari in the United States Supreme Court on April 15, 2019. That petition was denied on May 28, 2019 (ECF No. 100).

The Court now addresses Aguilar's motion for relief from judgment, and the Court will grant that motion.

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment if there is a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). Aguilar bases his motion on Rule 60(b)(6). Rule 60(b)(6) is "used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). A party who moves for such relief must demonstrate circumstances

beyond his control that prevented him from proceeding in a proper fashion. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). "[G]ross negligence by counsel amounting to 'virtual[ ] abandon[ment]' can be an 'extraordinary circumstance'" justifying relief under Rule 60(b)(6). *Mackey v. Hoffman*, 682 F.3d 1247, 1251 (9th Cir. 2012); *see also Tani*, 282 F.3d at 1169–71. A petitioner who claims he was abandoned by counsel must show that he diligently pursued his rights, before relief can be granted under Rule 60(b)(6). *See Gonzalez v. Crosby*, 545 U.S. 524, 537–38 (2005); *Foley v. Biter*, 793 F.3d 998, 1004 (9th Cir. 2015).

In *Mackey*, a habeas case, the Ninth Circuit Court of Appeals held that a district court may grant a habeas petitioner relief from a judgment under Rule 60(b)(6) if gross negligence of his counsel, amounting to abandonment by counsel, caused him to fail to timely file a notice of appeal. *Mackey*, 682 F.3d at 1248, 1251, 1253 (citing *Maples v. Thomas*, 565 U.S. 266 (2012)). The court of appeals explained: "Relief in such a case is justified because gross negligence by an attorney, defined as 'neglect so gross that it is inexcusable,' 'vitiat[es] the agency relationship that underlies our general policy of attributing to the client the acts of his attorney.'" *Id.* at 1251 (quoting *Tani*, 282 F.3d at 1168, 1171).

The Court finds that Aguilar's counsel's failure to file a timely notice of appeal on his behalf amounted to gross negligence and attorney abandonment, and was an extraordinary circumstance justifying relief under Rule 60(b)(6). After this Court entered judgment, Aguilar's counsel did not notify him of the Court's ruling, and Aguilar did not learn of it until nearly 60 days after the judgment was entered, somewhat by happenstance, from an order in another case. (*See* ECF No. 89 at 10–13 (Exh. A to Motion for Relief from Judgment)). Then, when Aguilar contacted his counsel about the matter, his counsel advised him, erroneously, that a notice of appeal is unnecessary, or even disallowed, if the district court has denied a certificate of appealability. (*See* ECF No. 89 at 14–26, 30–31 (Exhs. B, C, E to Motion for Relief from Judgment).) Aguilar's counsel later made that erroneous assertion before the court of appeals. (*See* ECF No.

| | |
|---|---|
| 1 | 89 at 27–29, 32–36, 42–45 (Exhs. D, F, H to Motion for Relief from Judgment).) Counsel's |
| 2 | misunderstanding of such a fundamental aspect of federal habeas corpus practice, her |
| 3 | failure to file a timely notice of appeal, and her resulting waiver of Aguilar's right to an |
| 4 | appeal, was grossly negligent. |

Aguilar acted diligently to attempt to protect his right to appeal after he learned the Court had entered judgment and his counsel had not filed a notice of appeal. (*See* ECF No. 89 at 14–26, 30–31, 37–41 (Exhs. B, C, E, G to Motion for Relief from Judgment).)

"Rule 60(b) permits the district court to vacate and reenter judgment to restore the right to appeal in limited circumstances." *Washington v. Ryan*, 833 F.3d 1087, 1091 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 1581 (2017). The Court determines that the extraordinary circumstances in this case warrant the kind of relief sanctioned in *Washington*. The Court will grant Aguilar's motion for relief from judgment, will order the July 10, 2018, judgment vacated, and will direct the Clerk to reenter judgment. The Court's intention is to reopen the time for Aguilar to file a timely notice of appeal.

It is therefore ordered that Petitioner's Motion for Relief from Judgment (ECF No. 89) is granted.

It is further ordered that the judgment entered July 10, 2018, is vacated.

It is further ordered that the Clerk of the Court is directed to enter a new judgment in this action, denying the Second Amended Petition for Writ of Habeas Corpus (ECF No. 62), and denying Petitioner certificate of appealability.

DATED THIS 24th day of July 2019.

_____
MIRANDA M. DU,
UNITED STATES DISTRICT JUDGE